■ In the Matter of Henry B., a Person Alleged To Be a Juvenile Delinquent, Appellant. Luthina Williams, Respondent.— Order of disposition of the Family Court, New York County, entered on May 4, 1966, based on a determination and finding rendered on March 28, 1966, that appellant had committed an act, which, if committed by an adult, would constitute the crime of rape, reversed on the law and the facts and petition dismissed. The appellant, a juvenile 14 years of age, was charged with acts, which, if committed by an adult, would constitute rape in the first degree. From a careful examination of the record below, this court is not satisfied that the evidence adduced is sufficient to justify such finding according to law. The adjudication is not supported by even the minimal requirement of a fair preponderance of the evidence, as suggested in the dissenting memorandum. Concur — Botein, P. J., Rabin and Capozzoli, JJ.; Botein, P. J., concurs in the following memorandum: I vote to reverse and dismiss the petition on the ground set forth in the majority memorandum. My concurrence in the conclusion that the evidence was not satisfactory also takes into account the factor that there was no corroboration of the complaining witness' testimony. I do not suggest that corroboration is an essential element of proof in order to justify a finding of juvenile delinquency based on an act which if committed by an adult would constitute rape. It must be borne in mind, however, that the Penal Law requirement of corroboration reflects a serious concern on the part of the Legislature as to the reliability of "the testimony of the female defiled, unsupported by other evidence" (Penal Law, § 2013). The present case is one in which we may properly give ear to

that concern, though corroboration is not required by law (cf. *People* v. *Oyola*, 6 N Y 2d 259, 262). Where, as here, the evidence generates uncertainties, corroboration would have supplied some reliable support for the female's testimony, which experience has shown to be desirable; and to my mind its absence becomes decisive. Breitel and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We dissent and vote to affirm. The Trial Judge, after a careful consideration of the testimony and the advantage of observing the witnesses, concluded that the defendant did commit the acts on which the charge of juvenile delinquency is based. The ample evidence on which this conclusion was reached is supported by the proof of the surrounding circumstances. A determination conditioned by requirement that all the elements necessary to support a conviction for rape must appear to sustain a finding of delinquency has no justification. All that is required is a preponderance of the evidence to show that the acts were in fact committed (Family Ct. Act, § 744). Requirements similar to those needed for conviction for the crime could well frustrate the purposes of the statute.